IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-282-F-6

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER ON PRELIMINARY |
| ) | EXAMINATION AND DETENTION |
| KHALID USAMA ABDALLAH, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court for a preliminary examination of the government's motion for revocation of Defendant's supervised release and, if necessary, for a hearing on the government's motion to detain Defendant pursuant to 18 U.S.C. § 3142(f). The government presented the testimony of Officer Richard A. Sirianno, of the City of Raleigh Police Department and United States Probation Officer Arthur Campbell. Defendant was represented by counsel and did not present testimony.

The court finds the credible information presented, including that reflected in the findings below, establishes probable cause to support the government's motion for revocation of Defendant's supervised release. In addition, having considered the record pursuant to 18 U.S.C. § 3142(g) and based on the findings and reasons stated below and in open court, the court finds Defendant has failed to establish by clear and convincing evidence that he does not pose a danger to any other person or to the community as required. *See* Fed. R. Crim. P. 32.1(a)(6). The government's motion for detention is therefore allowed.

## BACKGROUND

Following a period of incarceration upon Defendant's conviction for distribution of a quantity of heroin and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §

2, Defendant commenced a seventy-two month term of supervision on or about December 17, 2013. [DE-609]. The government alleges Defendant has violated the terms of his supervision by his criminal conduct. In particular, the government alleges that Defendant was arrested and charged with felon in possession of a firearm in Wake County, North Carolina. *Id.* According to the government's motion the charges were dismissed on September 29, 2014. *Id.*

Credible testimony at the hearing established the following: (1) on or about September 6, 2014, at approximately 9:30 p.m., Officer Sirianno passed a vehicle being operated by Defendant with a burned-out headlight, (2) Officer Sirianno turned his patrol vehicle around to follow Defendant, (3) shortly after catching up to the car operated by Defendant, Defendant's car quickly turned into a parking lot adjacent to several businesses all of which appeared to be closed, (4) Officer Sirianno parked his car directly behind Defendants as Defendant and three occupants exited the car, (5) Sirianno approached Defendant who appeared to be sweating profusely, (6) Defendant told Sirianno he was going to get a tattoo, (7) Officer Sirianno did not observe any tattoo parlors in the area nor any businesses which appeared to be open at that hour, (8) Officer Sirianno performed a protective sweep of the car; (9) during his sweep of the car Officer Sirianno located a loaded Hi-Point .40 caliber pistol in a backpack directly behind the driver seat where defendant had been seated.

Accordingly, based on this evidence, and for other reasons stated in open court, this court finds there is probable cause to support the government's motion to revoke Defendant's supervised release.

## **DISCUSSION**

The law requires that Defendant be detained pending further proceedings based on the

2

following principal findings and reasons: (1) the nature of the alleged supervision violations and the strength of the government's probable cause showing, (2) the nature of Defendant's underlying conviction, (3) Defendant's criminal history including prior convictions and arrests and (4) other findings and reasons stated in open court.

## CONCLUSION

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 20th day of October 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

3